# EASTERN CEILING & SUPPLY CORPORATION v PRO-MACK SUPPLY, INC., et al.

## Case No. CL 86-371 AJ

Fifteenth Judicial Circuit, Palm Beach County

February 9, 1989

### APPEARANCES OF COUNSEL

**Philip M. Warren, Esquire,** for plaintiff.

**Brian J. Cooke, Esquire,** for defendants, Pro-Mack Supply, Inc., Norbert Mack and Ernest Wilding.

**Scott Cichon, Esquire,** for defendant Lorin Gale Lemerand.

### OPINION OF THE COURT

MARY E. LUPO, Circuit Judge.

### *ORDER GRANTING DEFENDANTS' MOTIONS TO STRIKE*

### *(D.E. 47 and D.E. 48)*

### *ORDER DENYING BOTH MOTIONS IN ALL OTHER RESPECTS*

This matter came before the court on hearing on January 9, 1989.

Philip M. Warren, Esq. appeared on behalf of the plaintiff; Brian J. Cooke, Esq. appeared on behalf of the defendant Pro-Mack Supply, Inc., Norbert Mack, and Ernest Wilding; Scott Cichon, Esq. appeared via telephone on behalf of the defendant Lorin Gale Lemerand.

The court has reviewed the entire file, the correspondence from counsel, and the docket sheets.

This case is one of the most egregious examples of violation of Supreme Court time standards for case disposition that has been reassigned into this division.

1. On January 14, 1986, the plaintiff filed its complaint and demand for jury trial.

2. Motions to dismiss and strike were filed by all defendants in March 1986; hearing was set on those motions for April 10, 1986 at 3:30 p.m.

3. Due to the unavailability of Judge Rutter, the motions were argued before Judge Poulton on April 10, 1986. A transcript of the proceedings before Judge Poulton has been filed (D. E. 22). On page 16 of the transcript, Judge Poulton asked Mr. Cooke to prepare an order outlining the extent of the court's ruling, sending an advance copy to opposing counsel.

4. Three attempts by Mr. Cooke to submit an order (D. E. 19) were made between April 15, 1986 and May 16, 1986 to which plaintiff's counsel failed to respond.

5. There is no record activity from *March 14, 1986* until *April 9, 1987* when the plaintiff filed an amended complaint. The transcript of the proceedings before Judge Poulton, page 16 reads as follows:

Mr. Warren: Can I have 30 days to file an amended complaint? I've got three trials coming up, and I need to meet with my client.

The Court: You are the plaintiff.

Mr. Cooke: That's fine with me, your honor.

The Court: Okay. All right. That will be fine.

6. The amended complaint was not filed in compliance with the court order within 30 days, *but 364 days after the court hearing.*

7. Defense motions were filed (D.E. 19, 23, 24) in april, 1987.

8. Although there are two notices of hearing (D.E. 18 & 20) filed April 23, 1987, there are no court orders of record.

9. There is no record activity whatsoever from *April 27, 198* (D.E. 24) and *February 1, 1988.*

10. D.E. 25 is the clerk's notice of reassignment from Division K to Division J by Administrative Order (23/23/87).

11. It was not until *August 23, 1988* (D.E. 42) that an order was entered memorializing Judge Poulton's findings of *April 10, 1986.* The court in her order stated as follows: "Counsel were directed on 4/10/86 to prepare an order for Poulton's signature and have taken no action in over two years. Plaintiff's failure to prosecute this case is appalling."

12. The court *sua sponte* set regular and mediation status conferences (D.E. 32 & 33) for August 11, 1988 because, as of that date, *two and one-half years after filing,* the case was not at issue.

13. On December 8, 1988, the court ordered the plaintiff to prosecute its case vigorously because it is severely past Supreme Court time standards. The plaintiff is responsible for the flagrant delay in prosecuting its claim.

14. A second amended complaint was filed September 6, 1988 (D.E. 43) to which D.E. 47 and D.E. 48 were filed.

It is hereby ORDERED as follows:

1. The motions of all defendants to strike the plaintiff's demand for punitive damages in Count I, III and IV of the second amended complaint is granted.

2. The motions of all defendants to strike the demand for treble damages in Count III is granted.

3. The motions of all defendants to strike the demand for attorney's fees in Count I and III is granted.

4. Plaintiff is provided five days from the date of this order to amend Counts I, III and IV of the second amended complaint to cure its defective pleading for punitive damages, treble damages, and attorney's fees.

5. All other grounds of both motions are hereby denied.

6. All parties should be aware that jury trials for cases presently at issue are being set in the Spring of 1990. This case, however, *three years and one month after filing,* is still not at issue.

7. The court will impose sanctions hereafter for failure of the plaintiff to comply timely with court orders, failure of the plaintiff to prosecute this case vigorously, and for failure to exhibit a good faith effort to avoid delay.

A copy of this order is being sent by the court to all parties.

DONE AND ORDERED this 9th day of February, 1989 in chambers at West Palm Beach, Palm Beach County, Florida.